UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Aheron Hizmo, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action,*

                                *Plaintiff,*

     - against -

Fiskaa, LLC,

                                *Defendant.*
-------------------------------------------------------------X

Case No.:

**Jury Trial Demanded**

**COMPLAINT**

Plaintiff Aheron Hizmo ("Plaintiff" or "Hizmo"), on behalf of himself and others similarly situated, by and through his attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to himself and upon information and belief as to others, brings this complaint against Defendant Fiskaa, LLC (the "Defendant"), and states as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this lawsuit seeking recovery, for herself and all other similarly situated individuals, against Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

2. Plaintiff seeks injunctive and declaratory relief and to recover unpaid minimum wages, overtime wages, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216

(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because his claims arise under the FLSA.

5. Venue is proper in this District of New York under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF Aheron Hizmo**

6. Plaintiff Hizmo is a resident of Manhattan, New York.

7. Plaintiff Hizmo was employed as a design engineer at Defendant's MEP and design company located at 589 8th Ave., Floor 13 New York, NY 10018 ("Fiskaa") from on or around March 2020 through and including July 2022.

8. Plaintiff Hizmo was employed as a non-managerial employee at Fiskaa from on or around March 2020 through and including July 2022.

9. At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**DEFENDANT FISKAA, LLC**

10. Upon information and belief, Defendant Fiskaa, LLC is a domestic limited liability company organized and existing under the laws of the State of New York.

11. Upon information and belief, Defendant Fiskaa, LLC is licensed to do business in the State of New York, and at all relevant times here to, maintained a principal place of business at 589 8th Ave., Floor 13 New York, NY 10018.

12. At all times relevant to this Complaint, Defendant Fiskaa, LLC (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

13. At all times relevant to this Complaint, Defendant Fiskaa, LLC was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

14. At all times relevant to this Complaint, Defendant Fiskaa, LLC was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

**FACTUAL ALLEGATIONS**

15. Plaintiff and other similarly situated individuals are individuals who have worked for Defendant in similarly-titled, hourly paid position, during the statutory period.

16. Plaintiff and other similarly situated individuals all shared similar job titles, training, job descriptions and job tasks, during the statutory period.

17. Plaintiff was an employee of Defendant.

18. Plaintiff worked as a design engineer at Defendant's MEP and design company known as "Fiskaa" from on or around March 2020 through and including July 2022.

19. At Fiskaa, Plaintiff regularly worked in excess of forty (40) hours per week.

20. From approximately March 2020 through and including July 2022, Plaintiff worked five (5) days per week: from approximately 9:00 a.m. to 6:00 p.m. (*i.e.,* approximately nine (9) hours each day), for a total for a total period of approximately 45 hours during each of

the weeks, respectively.

21. Although Defendants' office hours were typically from 9:00 a.m. to 6:00 p.m., daily, Plaintiff was required to, and did in fact, work after hours.

22. Plaintiff's after hours work typically included responding to emails, answering phone calls, and generally being available "on-call" as-needed, twenty-four (24) hours a day, seven (7) days per week.

23. Defendants' historic policy and practice was to pay Plaintiff a flat salary, regardless of how many additional hours he worked in a week.

24. From approximately March 2020 through and including March 15, 2020, Defendants paid Plaintiff a fixed annual salary of $90,000 (*i.e.,* approximately $1,730 per week).

25. Beginning in or around March 15, 2022 (*i.e.,* in the beginning of the COVID-19 pandemic) until approximately December 2021, Defendant withheld a significant percentage of Plaintiff's, and all similarly situated employees' salaries, under the express understanding that these withheld amounts would be repaid in the future.

26. Defendant repeatedly promised Plaintiff, and all similarly situated employees, that their withheld salaries would be repaid "when financial security was better[,]" and when business had normalized.

27. Thus, from approximately March 15, 2020 through and including December 2020, Defendant paid Plaintiff a fixed annual salary of $67,500 (*i.e.,* approximately $1,298 per week) (*i.e.,* a 25% reduction from his contractual salary of $90,000).

28. Thus, from approximately January 1, 2021 through and including December 2021, Defendant paid Plaintiff a fixed annual salary of $85,000 (*i.e.,* approximately $1,634 per week), (*i.e.,* a 17.65% reduction from his contractual salary $100,000).

29. From approximately January 1, 2022 through and including July 2022, Defendant paid Plaintiff a fixed annual salary of $110,000 (*i.e.,* approximately $2,115 per week).

30. Defendant did not withhold a percentage of Plaintiff's salary in 2022, because Defendant's business had normalized, and Defendant's financial security was better.

31. However, Defendant unjustifiably failed to repay Plaintiff, or any of similarly situated employee, their withheld salaries from March 15, 2020 to December 2021, as promised and agreed to.

32. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or NYLL.

33. Defendant did not provide Plaintiff a statement of wages, as required by NYLL 195(3).

34. Defendant did not give any notice to Plaintiff, in English (Plaintiff's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

35. At all relevant times, Defendant did not pay Plaintiff at the rate of one and one-half times Plaintiff's hourly wage rate for hours worked in excess of forty per workweek.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

36. Plaintiff brings the First, Second, and Eighth Claims for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to supervisors and servers) employed by Defendant on or after the date that is six years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

37. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been

similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required overtime wage for all hours worked in excess of forty hours per work week. These claims of the Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

38. The First, Second, and Eighth Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

39. Plaintiff reserves the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

## FIRST CLAIM
(FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)

40. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

41. At all relevant times to this action, Plaintiff is a covered, non-exempt employee within the meaning of the FLSA.

42. Defendant was required to pay Plaintiff one and one-half (1 1/2) times the regular rate at which Plaintiff was employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

43. Defendant failed to pay Plaintiff the overtime wages to which he is entitled under the FLSA.

44. Defendant willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

45. Due to Defendant's willful violations of the FLSA, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## SECOND CLAIM
### (NYLL – Unpaid Overtime Wages)

46. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

47. Plaintiff is covered, non-exempt employee within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

48. Under the NYLL and supporting NYDOL Regulations, Defendant is required to pay Plaintiff one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

49. Defendant failed to pay Plaintiff the overtime wages to which he is entitled under the NYLL.

50. Defendant willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

51. Due to Defendant's willful violations of the NYLL, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

52. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

53. The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

54. In violation of NYLL §195 (1), Defendant failed to furnish to Plaintiff at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

55. Due to Defendant's violations of NYLL §195 (1), Plaintiff is entitled to recover his liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

## FOURTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

56. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

57. With each payment of wages, Defendant failed to provide Plaintiff with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and

basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

58. As a result of Defendant's violation of the WTPA, Plaintiff is entitled to damages of at least $150 per week during which the violations occurred.

## FIFTH CLAIM
### (Breach of Contract)

59. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

60. Beginning in or around March 15, 2022 (*i.e.,* in the beginning of the COVID-19 pandemic) until approximately December 2021, Defendant withheld a significant percentage of Plaintiff's, and all similarly situated employees' salaries, under the express understanding that these withheld amounts would be repaid in the future.

61. Defendant repeatedly promised Plaintiff, and all similarly situated employees, that their withheld salaries would be repaid "when financial security was better[,]" and when business had normalized.

62. However, Defendant unjustifiably failed to repay Plaintiff, or any of similarly situated employee, their withheld salaries from March 15, 2020 to December 2021, as promised and agreed to.

63. Defendant has breached and defaulted under the agreement by failing to pay, *inter alia*, Plaintiff his withheld salary from March 15, 2020 to December 2021.

64. Plaintiff has substantially performed all of his duties and obligations under the agreement and, as such, has and continues to suffer losses and damages as a direct result of Defendant's breach.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

- a. authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendant as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;
- b. certification of this case as a collective action pursuant to the FLSA;
- c. issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the FLSA Collective Plaintiffs;
- d. declaring that Defendant violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;
- e. declaring that Defendant violated the notice statement pay provisions of the NYLL and WTPA;
- f. declaring that Defendants are in breach of contract under New York State law
- g. awarding Plaintiff unpaid overtime wages;
- h. awarding unpaid wages under New York State law for failure to pay timely wages;
- i. awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due;
- j. awarding unpaid wages under New York State law for breach of contract;
- k. awarding Plaintiff statutory damages as a result of Defendant's failure to furnish accurate wage notice pursuant to the NYLL;
- l. awarding Plaintiff pre- and post-judgment interest under the NYLL;
- m. awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of

      this action; and

n.      Such other relief as this Court deems just and proper.


Dated: New York, New York
       October 4, 2022                      Respectfully submitted,

                                              By: /s/ Joshua Levin-Epstein
                                                    Joshua Levin-Epstein
                                                    Jason Mizrahi
                                                    Levin-Epstein & Associates, P.C.
                                                    60 East 42nd Street, Suite 4700
                                                    New York, New York 10165
                                                    Tel: (212) 792-0046
                                                    Email: Joshua@levinepstein.com
                                                    *Attorneys for the Plaintiff and proposed FLSA*
                                                    *Collection Action Plaintiffs*