# JacksonLewis

**Jackson Lewis P.C.**
58 South Service Road, Suite 250
Melville NY  11747
(631) 247-0404 Main
(631) 247-0417 Fax
jacksonlewis.com

MY DIRECT DIAL IS: (631) 247-4630
MY EMAIL ADDRESS IS: TIMOTHY.DOMANICK@JACKSONLEWIS.COM

November 3, 2022

**VIA ECF**
Honorable J. Paul Oetken
United States District Court Judge
Southern District of New York
40 Foley Square
New York, NY 10007

          Re:   *Aheron Hizmo v. Fiskaa, LLC*
                 Case No. 22-cv-08444 (JPO)

Dear Judge Oetken:

      As counsel for Defendant, we write jointly with Plaintiff pursuant to Rules 1(A) of Your Honor's Individual Rules to move for the following: (1) the Court set aside the Clerk's Certificate of Default, issued today (Dkt. No. 9), pursuant to Fed.R.Civ.P. 55(c); and (2) grant Defendant *nunc pro tunc* until December 5, 2022 to respond to the Complaint.  As discussed in detail below, Defendant has the requisite Fed.R.Civ.P. 55(c) "good cause" to set aside the Clerk's Certificate of Default as a matter of law.

    **I.**    **Background.**

      On October 4, 2022, Plaintiff commenced this action by filing a Complaint on ECF (Dkt. No. 1) alleging violation s of the Fair Labor Standards Act and the New York Labor Law on behalf of himself and a purported class/collective of similarly situated individuals. Based upon a review of the docket, it appears the Summons was issued on October 5, 2022 (Dkt. No. 5).  While the docket indicates an agent of the Secretary of State was served on October 12, 2022 (Dkt. 6), as per Defendant, it did not receive the document from the Secretary of State, and did not learn about the Clerk's Certificate of Default until today.

    **II.**    **Fed.R.Civ.P. 55(c) Good Cause.**

      Fed.R.Civ.P. 55(c) provides: "For good cause shown the court may set aside an entry of default." "Because Rule 55(c) does not define the term 'good cause,' the Second Circuit has established three factors that must be assessed in order to decide whether to relieve a party from default or from a default judgment. These widely accepted factors are: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented. Because defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party. In other words, 'good cause' and the criteria of

**JacksonLewis**

Hon. J. Paul Oetken
November 3, 2022
Page 2

the Rule 60(b) set aside should be construed generously." *Famous Music Corp. v. 716 Elmwood, Inc.*, No. 05 Civ. 0885A, 2006 U.S. Dist. LEXIS 32140, *2-3 (W.D.N.Y. May 22, 2006)( internal citations and quotations omitted). Here, Defendant has met all three of Fed.R.Civ.P. 55(c)'s good cause factors, especially considering Plaintiff consents to this request.

First, "[t]he Second Circuit has held that when determining whether a default has been willful, the court should look for bad faith, or at least something more than mere negligence, before rejecting a claim of excusable neglect based on an attorney's or a litigant's error." *Famous Music Corp.*, 2006 U.S. Dist. LEXIS 32140, *3-4 (citing *American Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 60 (2d. Cir. 1997)). Defendant was never served with the October 4, 2022 Summons and Complaint as it did not receive anything from the Secretary of State. Therefore, Defendant's failure to respond to the Complaint by November 2, 2022 was not willful, in bad faith, or something more than mere negligence.

Next, Plaintiff is not prejudiced if the Court vacates the Default in this case. Vacating the Default in this case will not affect any of Plaintiff's rights or her ability to obtain the relief he seeks if he prevails. Most importantly, Plaintiff does not assert that there is any prejudice to vacating the Default in this case as he joins in Defendant's request to vacate it. Finally, Defendant has meritorious defenses to Plaintiff's claims. Defendant asserts that it complied with both the Fair Labor Standards Act and the New York Labor Law. Accordingly, the Court should vacate the Clerk's Entry of Default and reopen this matter for good cause pursuant to Fed.R.Civ.P. 55(c).

Accordingly, for the foregoing reasons, the parties jointly respectfully request that the Court, (1) vacate the Clerk's Certificate of Default (Dkt. No. 9) pursuant to Fed.R.Civ.P. 55(c) and (2) grant Defendant *nunc pro tunc* until December 5, 2022 to respond to the Complaint.

We appreciate Your Honor's consideration of this submission.

Respectfully submitted,

JACKSON LEWIS P.C.

*Timothy Domanick*

Timothy Domanick

TD/mf
cc: All counsel of record, Via ECF