# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AHERON HIZMO, on behalf of himself and others similarly situated in the proposed FLSA Collective Action,<br><br>Plaintiff,<br><br>-against-<br><br>FISKAA, LLC,<br><br>Defendant. | Case No.: 1:22-cv-08444 |

## NEGOTIATED SETTLEMENT AGREEMENT AND RELEASE

WHEREAS, Plaintiff Aheron Hizmo ("Plaintiff") and Defendant FISKAA, LLC ("Defendant," and together with Plaintiff, the "Parties") agree to the material terms of this Settlement Agreement and Release ("Agreement") in an effort to resolve Plaintiff's Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") claims against Defendant in the above-captioned action ("Action");

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND AMONG THE PARTIES AS FOLLOWS:

1. **Consideration.** In consideration for Plaintiff's signing this Negotiated Settlement Agreement and Release ("Agreement") and complying with the promises made by Plaintiff contained in this Agreement, including the release and waiver of claims, Defendant agrees to provide Plaintiff with the total settlement sum of Thirty-Five Thousand Dollars and Zero Cents ($35,000.00) in consideration for, and in full satisfaction of, all claims asserted in the Lawsuit and wage and hour claims Plaintiff may have against Releasees (as defined below), known or unknown, asserted or unasserted, through the date of his execution of the Agreement. Such payment shall be apportioned among Plaintiff and Plaintiff's counsel as follows:

    (a) One check made payable to "Aheron Hizmo" in the amount of five thousand one hundred seventy-two dollars and thirty-three Cents ($5,172.33), less applicable taxes and withholdings, in full satisfaction of all Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") claims Plaintiff may have for wages allegedly owed, which shall be reportable on an IRS Form W-2;

    (b) One check made payable to "Aheron Hizmo" in the amount of fifteen thousand five hundred sixteen dollars and ninety-nine Cents ($15,516.99), with no taxes or withholdings. An IRS Form 1099-MISC (Box 10), will be issued to Plaintiff with respect to this amount in full satisfaction of all Fair Labor Standards Act

("FLSA") and New York Labor Law ("NYLL") claims Plaintiff may have for wages allegedly owed, which shall be reportable on an IRS Form 1099;

(c) One check made payable to "Levin-Epstein & Associates, P.C." in the amount of fourteen thousand three hundred ten dollars and sixty-eight cents ($14,310.68) for attorneys' fees and costs, related to representation of Plaintiff for Plaintiff's claims settled herein. An IRS Form 1099-MISC (Box 10), will be issued to Levin-Epstein & Associates, P.C. with respect to this amount.

Plaintiff shall provide Defendant with one executed copy of this Agreement. The payment of the Settlement Sum shall be made within twenty-one (21) days after the Court approves this Agreement and dismisses the Action with prejudice by so ordering the stipulation attached as "Exhibit A," and Plaintiff and Plaintiff's attorney complete, execute, and submit IRS Form W-9s to counsel for Defendant.

Plaintiff agrees and acknowledges that Defendant and Defendant's counsel have not made any representations to Plaintiff regarding the tax consequences of any payments or amounts received pursuant to this Agreement. Plaintiff agreed to indemnify Defendant against the payment of any taxes, interests, penalties, and other liabilities or costs that may be assessed upon their portion of the Settlement Sum.

2. **No Consideration Absent Execution of this Agreement.** Plaintiff understands and agree that Plaintiff would not receive the monies specified in paragraph "1" above, except for Plaintiff's execution of this Agreement and the fulfillment of the promises contained herein.

3. **Release of FLSA and NYLL Wage and Hour Claims.** Plaintiff, his heirs, executors, administrators, successors and assigns voluntarily release and forever discharge Defendant, its affiliates, including FISKAA, LLC, and any parents, subsidiaries, predecessors, successors, assigns and/or affiliated companies businesses or entities and all of their respective employee benefit plans, plan administrators, trustees, current and former officers, agents, directors, members, managers, supervisors, accountants, employees, independent contractors, shareholders, attorneys, accountants, insurers, reinsurers, representatives, and their predecessors, successors and assigns, both individually and in any representative capacity (collectively "Releasees"), of and from all FLSA and NYLL wage and hour claims that were asserted or could have been asserted by Plaintiff against Releasees in the Action. The released claims include, but are not limited to, all FLSA and NYLL claims for regular and overtime wages, pay frequency, on call, and all related derivative benefit claims (both ERISA and non-ERISA benefits), liquidated damages interest on such claims, and attorneys' fees and costs related to such claims through the date of this Agreement is executed by both Parties.

4. **Acknowledgments and Affirmations.** Plaintiff affirms that Plaintiff has not filed or caused to be filed, and are not presently a party to, any claim against Defendant except for the claims in the Lawsuit (which he agrees to the dismissal of with prejudice).

Plaintiff affirms that he has been paid and/or has received all compensation, wages, bonuses, commissions and/or benefits to which Plaintiff may be entitled.

2

Plaintiff affirms he is not a Medicare or Medicaid beneficiary as of the date of this Agreement and, therefore, no conditional payments have been made by Medicare or Medicaid.

The Parties acknowledge that this Agreement does not limit Plaintiff's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Plaintiff agrees that if such an administrative wage and hour claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

5. **Procedure.** After this Agreement is executed by the Parties, subject to Defendant's review of the motion for judicial approval of the settlement prepared by Plaintiff's counsel, Plaintiff will submit the Agreement to the Court for the Court's consideration and approval. The Court's approval of all provisions of this Agreement is a material term of this Agreement. Plaintiff believes that this settlement is fair and reasonable, and authorizes his attorney to seek from the Court approval of the settlement as fair and reasonable under the FLSA, and dismissal of the Action with prejudice.

6. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, the parties will be entitled to all remedies available at law. Except as to the payment provisions, should any provision of this Agreement be declared illegal or unenforceable and cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. The Court will retain exclusive jurisdiction to enforce this Agreement and any dispute shall be resolved by the court without a jury.

7. **Non-admission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

8. **Return of Property.** Plaintiff affirms that Plaintiff has returned all of Defendant's property, documents and/or any confidential information in Plaintiff's possession or control. Plaintiff also affirms that Plaintiff is in possession of all of Plaintiff's property that Plaintiff has at Defendant's premises and that Defendant is not in possession of any of Plaintiff's property.

9. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

10. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties, and fully supersedes any prior agreements or understandings between the Parties. Plaintiff acknowledges that he has not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

11. **Counterparts.** This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed an original, and such counterparts will together constitute but one Agreement. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party who transmits the signature page by facsimile or email.

**PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND REVIEW WITH PLAINTIFF'S ATTORNEYS, LEVIN-EPSTEIN & ASSOCIATES, P.C., ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL FLSA AND NYLL CLIAMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement and Release as of the date(s) set forth below:

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

AHERON HIZMO

Dated: 02/16, 2023

_____
Aheron Hizmo

On Behalf of FISKAA, LLC

Dated: 2/15, 2023

By: _____
On behalf of FISKAA, LLC

4